**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| DESTYNI TAYLOR, | : | Civil Action No. |
| | : | |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| FRONTIER AIRLINES, INC. AND | : | |
| ERIC MADDEN, | : | |
| | : | |
| *Defendants* | : | |
| | : | |

### <u>NOTICE OF REMOVAL</u>

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Frontier Airlines, Inc. ("Frontier"), by their attorneys, McCarter & English, LLP, hereby file this Notice of Removal, removing this action, *Destyni Taylor v. Frontier Airlines, Inc. and Eric Madden*, February Term 2026, No. 02944, from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendant provides this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a):

1.    Plaintiff Destyni Taylor ("Plaintiff") initiated this civil action in the Court of Common Pleas of Philadelphia County, Pennsylvania, under February Term 2026, No. 02944, with a caption of *Destyni Taylor v. Frontier Airlines, Inc. and Eric Madden*, by filing her Complaint on February 20, 2026. A true and correct copy of the complaint, and all other process, pleadings, and orders from state court are attached hereto as <u>Exhibit 1</u>.

2.       Plaintiffs' Complaint ("the Complaint") alleges that, on April 19, 2026, Plaintiff suffered personal injuries inflicted by Defendant Eric Madden during a commercial Frontier flight from Philadelphia, Pennsylvania to Orlando Florida.

3.       Plaintiff's Complaint asserts three (3) causes of action:

      (i)       Negligence against Frontier;

      (ii)      Dram Shop Violation against Frontier; and

      (iii)     Assault and Battery against Eric Madden.

(Exhibit 1, Compl., Count I, ¶¶ 51-67, Count II, ¶¶ 68-84, Count III, ¶¶ 85-99)

4.       As to each separate cause of action, Plaintiff prays for damages "in excess of Fifty Thousand Dollars ($50,000.00)" plus punitive damages. And so, on the face of the Complaint, Plaintiff seeks relief in excess of seventy-five thousand dollars ($75,000.00).

## I.       <u>REMOVAL IS TIMELY</u>

5.       Defendant Frontier has not yet been served with the Complaint by Plaintiff.

6.       Defendant Eric Madden has not yet been served with the Complaint by Plaintiff.  A true and correct copy of an Affidavit of Non-Service confirming that service has not been made, filed in the Philadelphia Court of Common Pleas on March 6, 2027 is attached hereto as <u>Exhibit 2</u>.

7.       No Defendant has answered Plaintiffs' Complaint as of this filing.

8.       Pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, a defendant may remove an action within thirty (30) days of receipt of the complaint where there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

ME1\60585800.v3

9.      Clarifying this requirement, this Court has determined that § 1446(b)'s thirty (30) day removal period "begins to run only when the defendant is properly served or waives service." Washington v. LM General Insurance Company, 598 F.Supp.3d 280, 283 (E.D.Pa., 2022).

10.      As Frontier has not yet been served, the thirty (30) day service period has not yet begun to run, and this removal is timely.

## II.      DIVERSITY OF CITIZENSHIP

11.      According to the Complaint, Plaintiff resides at 1248 Oxford Circle, Lansdale, PA 19446, and is therefore a citizen of Pennsylvania.

12.      Defendant, Frontier Airlines, Inc. a corporation and citizen of Colorado, having been incorporated in Colorado and maintaining its principal place of business in Colorado.

13.      Defendant Eric Madden, per the Complaint, resides at 3713 Poppy Drive, Philadelphia, PA 19136, and is therefore a citizen of Pennsylvania.

14.      Pursuant to 28 U.S.C. § 1441(b)(2), however, in-state citizenship of a defendant only precludes removal where that defendant has been ***properly served***.  See Encompass Insurance Company v. Stone Mansion Restaurant Incorporated, 902 F.3d 147, 152 (3d Cir. 2018) (finding "[t]he plain meaning" of § 1441(b)(2) was that it "precludes removal on the basis of in-state citizenship only when the defendant has been *properly joined and served*.")(emphasis added).

15.      Here, Defendant Eric Madden has not been served.  See Exhibit 2.

16.      Therefore, there is complete diversity among the parties.

## III.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

17.      Plaintiff's Complaint asserts personal injury claims against Frontier and Eric Madden which include:  psychological damage;  emotional distress;  persistent sleep interruption;  post-traumatic stress;  decreased socialization;  prolonged humiliation;  reduced earning capacity;

3

grief, rage, humiliation, emotional pain, and mental anguish." (See Exhibit 1, Compl., at ¶ 47(a-h)).

18.     Plaintiffs' Complaint asserts three (3) causes of action, each of which prays for relief in excess of $50,000.00, and it therefore demands a sum exceeding $75,000.00. (See generally Exhibit 1, Compl.).

19.     Accordingly, the amount in controversy requirement is met, and this action may be removed pursuant to 28 U.S.C. § 1332.

## IV.     ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET

20.     A civil cover sheet accompanies this Notice of Removal.

21.     Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, orders, and other papers or exhibits filed in State Court.

22.     Written notice of this Notice of Removal will be filed in the Philadelphia County Court of Common Pleas.

23.     Frontier consents to this removal.

24.     No previous application for removal has been made.

25.     Plaintiff is a resident and citizen of Lansdale, Pennsylvania, which is within Montgomery County, and the alleged incident leading to Plaintiff's purported injuries occurred in Philadelphia, Pennsylvania, which is within Philadelphia County.

26.     The United States District Court for the Eastern District of Pennsylvania, encompasses both Montgomery and Philadelphia Counties. Thus, this Court is the proper venue for the action, pursuant to 28 U.S.C. § 1441(a).

27.     In sum, this action may be removed to this Court by Frontier in accordance with the provision of 28 U.S.C. §§ 1332(a), 1441, and 1446.

4

28. Further, Frontier respectfully reserves all defenses.

**WHEREFORE,** Defendant Frontier Airlines, Inc. respectfully hereby removes this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, and requests that further proceedings be conducted in this Court as provided by law.

Dated: April 8, 2026        **McCARTER & ENGLISH, LLP**

By:     /s *Amy M. Vanni*
        Amy M. Vanni, Esq.
        Michael J. Toczyski, Esq.
        1600 Market Street, Suite 3900
        Philadelphia, PA 19103

        *Attorneys for Defendant,*
        *Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on April 8, 2026, I electronically filed a copy of this Notice of Removal with

the Clerk of the Court using the CM/ECF system and also caused to be served a copy of this

document upon counsel of record United States Mail at the following address:

Ryan R. Grace, Esq.
**BELLOWOAR KELLY LLP**
126 W. Miner Street
West Chester, PA 19382
*Attorneys for Plaintiff*

Dated: April 8, 2026        By:    */s/ Michael J. Toczyski*
                                              Michael J. Toczyski, Esq.
                                              **McCARTER & ENGLISH, LLP**
                                              1600 Market Street, Suite 3900
                                              Philadelphia, PA 19103
                                              (215) 979-3800
                                              mtoczyski@mccarter.com

                                              *Attorneys for Defendant*
                                              *Frontier Airlines, Inc.*

6

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Destyni Taylor

**(b)** County of Residence of First Listed Plaintiff    Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Bellwoar Kelly LLP
126 W. Miner St., West Chester, PA 19382 610.314.7066

## DEFENDANTS

Frontier Airlines, Inc. and Eric Madden

County of Residence of First Listed Defendant    Denver County, CO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

McCarter & English, LLP (for Frontier Airlines, Inc.)
1600 Market Street, Suite 3900, Philadelphia, PA 19103;215.979.3864

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ☒ 310 Airplane    ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product      Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument |      Liability    ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel &      Pharmaceutical      Slander      Personal Injury | | ❏ 820 Copyrights ❏ 830 Patent | ❏ 430 Banks and Banking ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'      Product Liability | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |      Liability    ❏ 368 Asbestos Personal ❏ 340 Marine      Injury Product ❏ 345 Marine Product      Liability | |      New Drug Application ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits |      Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit ❏ 485 Telephone Consumer |
| ❏ 160 Stockholders' Suits | ❏ 350 Motor Vehicle    ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | Protection Act |
| ❏ 190 Other Contract | ❏ 355 Motor Vehicle    ❏ 371 Truth in Lending      Product Liability | ❏ 720 Labor/Management | ❏ 862 Black Lung (923) ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal    ❏ 380 Other Personal |      Relations | ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ |
| ❏ 196 Franchise |      Injury      Property Damage ❏ 362 Personal Injury - ❏ 385 Property Damage      Medical Malpractice      Product Liability | ❏ 740 Railway Labor Act ❏ 751 Family and Medical      Leave Act | ❏ 865 RSI (405(g)) |      Exchange ❏ 890 Other Statutory Actions ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights    **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 895 Freedom of Information |
| ❏ 220 Foreclosure | ❏ 441 Voting    ❏ 463 Alien Detainee |      Income Security Act |      or Defendant) |      Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment    ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/      Sentence | |      26 USC 7609 | ❏ 899 Administrative Procedure |
| ❏ 245 Tort Product Liability |      Accommodations ❏ 530 General | | |      Act/Review or Appeal of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - ❏ 535 Death Penalty      Employment    **Other:** | **IMMIGRATION** | |      Agency Decision ❏ 950 Constitutionality of |
| | ❏ 446 Amer. w/Disabilities - ❏ 540 Mandamus & Other      Other    ❏ 550 Civil Rights | ❏ 462 Naturalization Application ❏ 465 Other Immigration | |      State Statutes |
| | ❏ 448 Education    ❏ 555 Prison Condition    ❏ 560 Civil Detainee -      Conditions of      Confinement |      Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1441, and 1446
Brief description of cause:
Diversity of Citizenship

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
April 8, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, Philadelphia County, Pennsylvania

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☑ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# EXHIBIT 1

ME1\60585800.v3

Court of Common Pleas of Philadelphia
County Trial Division

# Civil Cover Sheet

For Office of Judicial Records Use Only (Docket Number)

Filed and Attested by the
Office of Judicial Records
20 FEB 2026 01:51 pm
B. BALILONTS

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Destyni Taylor | Frontier Airlines, Inc. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 1248 Oxford CircleLansdale, PA 19446 | 4345 Airport WayDenver, CO 80239 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | Eric Madden |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 3713 Poppy DrivePhiladelphia, PA 19136 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☑ Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less ☑ More than $50,000.00 | ☐ Arbitration ☐ Mass Tort ☐ Minor Court Appeal ☐ Settlement ☑ Jury ☐ Savings Action ☐ Statutory Appeals ☐ Minors ☐ Non-Jury ☐ Petition ☐ Commerce (Completion of Addendum Required) ☐ W/D/Survival ☐ Other: _____ |

CASE TYPE AND CODE (SEE INSTRUCTIONS)
2O - Personal Injury - Other

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

IS CASE SUBJECT TO COORDINATION ORDER?

Yes ☐   No ☐

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Ryan R. Grace | Bellwoar Kelly LLP 126 W. Miner St. West Chester, PA 19382 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| 610 314 7066 | 610 314 4407 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 307192 | rgrace@bellwoarkelly.com |

| SIGNATURE | DATE |
|---|---|
| | 2/20/26 |

Case ID: 260202944

01-101 (Rev. 8/2014)

THE PENNSYLVANIA COURT OF COMMON PLEAS IN PHILADELPHIA COUNTY

Filed and Attested by the
Office of Judicial Records
20 FEB 2026 01:55 pm
B. BALILONTS

DESTYNI TAYLOR
  1248 OXFORD CIRCLE
  LANSDALE, PA 19446,
        PLAINTIFF

    v.

FRONTIER AIRLINES, INC.
  4345 AIRPORT WAY
  DENVER, CO 80239
    AND
ERIC MADDEN
  3713 POPPY DRIVE
  PHILADELPHIA, PA 19136,
        DEFENDANTS

:  **A CIVIL ACTION - AT LAW**
JURY TRIAL DEMANDED

# COMPLAINT

Filed by:
Ryan R. Grace
Attorney ID: 307192
rgrace@bellwoarkelly.com

Bellwoar Kelly LLP
126 W. Miner St. West Chester, PA
(610) 314 – 7066

Case ID: 260202944

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association Lawyer Referral and Information Service One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-6333 TTY (215) 451-6197 | Asociacion De Licenciados De Filadelfia ServicioDe Referencia E Informacion, Filadelfia, Pennsylvania 19107 (215) 238-6333 TTY (215) 451-6197 |

Case ID: 260202944

The Plaintiff, Destyni Taylor, by and through counsel, Ryan R. Grace and Bellwoar Kelly LLP, hereby demands damages of the above-captioned Defendants, jointly and/or severally, in a sum exceeding Fifty Thousand ($50,000.00) Dollars, and in excess of the local limits of arbitration, plus interest, costs and delay damages, based upon the following tortious conduct.

## THE PARTIES

1. Plaintiff Destyni Taylor ("Plaintiff") is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1248 Oxford Cir. Lansdale, PA 19446.

2. Defendant Frontier Airlines, Inc. ("Defendant Airline") was, at all relevant times hereto, a business organized according to the laws of the State of Colorado, operating as a Foreign Business Corporation under Pennsylvania Department of State entity number 3214099, and with a principal address of 4545 Airport Way Denver CO 80239.

3. Defendant Eric Madden ("Defendant Madden") was, at all relevant times hereto, an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 3713 Poppy Dr. Philadelphia, PA 19136.

4. At all relevant times hereto, Defendant Airline and Defendant Madden had extensive, continuous, regular, and systematic business contacts in Philadelphia County, Pennsylvania.

Case ID: 260202944

## JURISDICTION

5.  Jurisdiction over this controversy is properly vested in the Pennsylvania Court of Common Pleas, pursuant to 42 Pa.C.S.A. §§ 931, 1515, as a substantial part of the events, acts and omissions by Defendants giving rise to Plaintiff's claim occurred in the Commonwealth of Pennsylvania, and the amount in controversy exceeds the sum of $12,000.

## VENUE

6.  This matter is properly addressed in County of Philadelphia, because a substantial part of the events, acts and omissions by Defendants giving rise to Plaintiff's claim occurred in the jurisdiction of this Court, specifically at 8500 Essington Ave. Philadelphia, PA.

7.  The amount in controversy is in excess of $50,000, beyond arbitration limits.

8.  Plaintiffs herein make demand for a jury of eight persons to decide this matter.

## THE FACTS

9.  The Plaintiff was the passenger of a commercial airline flight on April 19, 2024, when she was groped and sexually assaulted a fellow passenger, after the airline over-served the other passenger with alcohol and unreasonably supervised him.

Case ID: 260202944

10. Defendant Airline operates a commercial flight from Philadelphia, PA to Orlando, FL identified as "FFT3855" and/or "Frontier Flight Number 3855."

11. On April 29, 2024, the Plaintiff and Defendant Madden were both commercially ticketed passengers of FFT3855, which departed Philadelphia at approximately 8:00pm and landed in Orlando at approximately 10:00pm ("The Flight").

12. The Plaintiff and Defendant Madden were both present on board the aircraft, operated by Defendant Airline, on April 19, 2024 as business invitees.

13. The Plaintiff was a minor, seventeen (17) years old, on April 29, 2024.

14. Defendant Madden was thirty-two (32) years old on April 29, 2024.

15. Plaintiff was traveling from Philadelphia to Florida, in order to compete in a dance/cheer competition in Orlando.

16. The Plaintiff was traveling alone on The Flight, unaccompanied by a guardian or adult.

17. The Plaintiff had an assigned seat toward the rear of the aircraft, at a window.

18. Defendant Madden had an assigned seat next to the Plaintiff, in a middle seat of three, with Plaintiff seated to Defendant Madden's right and another passenger seated to Defendant Madden's left.

19. Plaintiff observed that Defendant Madden already exhibited a smell of alcohol and other signs of intoxication when he entered the aircraft.

20. Defendant Madden entered the aircraft with a female companion, who was assigned a seat some distance away from him, in the middle of the aircraft.

Case ID: 260202944

21. Almost immediately and throughout the flight, Defendant Madden manifested disruptive behavior, including unwanted physical contact with a flight attendant.

22. Despite Defendant Madden's signs of intoxication and disruptive behavior, agents of the Defendant Airline served approximately five (5) hard liquor drinks to him during the flight.

23. Defendant Madden became intoxicated to a very high level during the flight.

24. Specifically, one agent of the Defendant Airline served Defendant Madden three (3) servings of *Tito's* vodka at the beginning of the flight.

25. Almost immediately and throughout the flight, Defendant Madden attempted to communicate with the Plaintiff, seated next to him.

26. The Plaintiff made it clear that she did not want to engage in contact with Defendant Madden, specifically she began playing a game on her phone.

27. Defendant Madden persisted in trying to interact with the Plaintiff.

28. Despite Defendant Madden's continued disruptive behavior and increasing signs of intoxication, agents of the Defendant Airline sold two (2) additional servings of *Tito's* vodka to Defendant Madden.

29. Toward the middle of The Flight, Defendant Madden began to assault the Plaintiff in a sexual manner ("The Assault"); specifically:

    a. Defendant Madden touched and groped the Plaintiff, using his hands, on the Plaintiff's legs, arms, and hands;

    b. Defendant Madden pressed his nose and mouth into the area of the Plaintiff's neck and face, trying to kiss her;

c. The Plaintiff pulled and moved away from Defendant Madden as best she could, in the limited physical space available, to avoid contact;

d. Despite movement away from him, Defendant Madden continued to grope the Plaintiff's legs, arms, and hands;

e. As Plaintiff strained and moved her head and face away from Defendant Madden, he continued pressing his nose and mouth toward her, trying to kiss her.

30. The Plaintiff was physically trapped between Defendant Madden and the wall/window of the aircraft when he was groping and assaulting her.

31. Defendant Madden engaged in several instances of unwanted physical contact with the Plaintiff, and his words/actions placed the Plaintiff in reasonable fear of further, imminent assault.

32. After some time, the passenger in the aisle seat to Defendant Madden's left noticed The Assault.

33. It was outwardly apparent to the other passenger that the Plaintiff was not consenting to physical contact with Defendant Madden.

34. The passenger in the aisle seat vocally objected to Defendant Madden's behavior.

35. As Defendant Madden persisted in The Assault, the other passenger left his seat on the aisle to summon assistance from a flight attendant and / or Defendant Madden's initial female companion.

36. Defendant Madden refused to stand or let the Plaintiff pass him, even during the time that the other passenger was out of his seat and seeking assistance.

37. After The Assault continued for several minutes, Defendant Madden permitted the Plaintiff to stand and exit her seat.

38. The Plaintiff summoned assistance from a flight attendant.

39. Agents of the Defendant Airline eventually relocated the Plaintiff to another seat.

40. Some of the flight attendants, agents of the Defendant Airline, joked with each other about The Assault in the presence of the Plaintiff.

41. When the aircraft landed, police were summoned to respond to The Assault.

42. Defendant Madden became combative with police, engaged in a struggle on the aircraft, and was arrested on the aircraft.

43. During The Assault, Plaintiff experienced intense terror.

44. Immediately following The Assault, the Plaintiff experienced severe emotional distress and humiliation.

45. The Plaintiff suffered extreme inability to sleep on the of The Assault, and she continued to suffer severe emotional distress and humiliation the next day.

46. The Assault directly caused enormous diminution in the quality of her performance and overall enjoyment at her dance/cheer competition.

47. In the time since The Assault, the Plaintiff has experienced the following negative effects, resulting from that assault:

    a. Psychological damage;

    b. Emotional distress;

    c. Persistent sleep interruption;

    d. Post-traumatic stress;

Case ID: 260202944

    e. Decreased socialization;

    f. Prolonged humiliation;

    g. Reduced earning capacity;

    h. Grief, rage, humiliation, emotional pain, and mental anguish.

48. The Plaintiff started a career prior to The Assault, working as a firefighter.

49. As a direct result of The Assault, Plaintiff developed psychological and emotional conditions that made it prohibitively distressful for her to continue working as a firefighter, and she discontinued that career path.

50. The Plaintiff suffered, and continues to suffer, from extreme damage that was directly caused by and Defendant Airline's over-serving and negligent supervision of Defendant Madden culminating in Defendant Madden's assault of the Plaintiff.

<u>COUNT I - NEGLIGENCE</u>
*Plaintiff v. Defendant Airline*

51. Plaintiff hereby incorporates by reference the paragraphs set forth above as if fully set forth herein at length.

52. At all times material hereto, Defendant Airline acted individually and / or by and through actual or apparent agents, servants and employees, to own, operate, and manage major commercial flight operations, including but not limited to: ownership and maintenance of commercial aircraft, regulatory management, marketing, ticket sales, flight operations, food and beverage sales, alcohol sales, luggage shipment, financial operations, custodial and maintenance work, and security; Defendant Airline is therefore liable for the acts and/or omissions of their

Case ID: 260202944

agents, servants and / or employees under theories of agency, master-servant, respondeat superior and / or right of control.

53. At all relevant times, the Plaintiff was present on property owned, leased, or otherwise controlled by Defendant Airline as a business invitee.

54. A commercial airline, like Defendant Airline, has unique control over its customers, including authority to command where they sit, regulate their behavior, and enforce codes of conduct.

55. The Plaintiff was a minor at the time that she was assaulted onboard Defendant Airline's flight.

56. Defendant Airline owed Plaintiff the highest duty of care under the law and had an affirmative duty to protect her.

57. Defendant Airline and its agents knew or should have known about the danger of unruly passengers assaulting other passengers based on widely publicized such events in the years prior to The Assault.

58. Agents of Defendant Airline permitted Defendant Madden to board the aircraft, during the subject incident, despite Defendant Madden already exhibiting obvious signs of intoxication prior to boarding.

59. The Defendant Airline was put on further notice of the danger posed by Defendant Madden by his disruptive behavior at the beginning of the flight and prior to The Assault.

60. Defendant Airline and their agents should have provided for the existence and enforcement of reasonable procedures designed to ensure passengers do not assault other passengers on its aircraft.

61. Defendants and their agents failed to provide and / or enforce reasonable measures to prevent passengers from assaulting other passengers.

62. It was reasonably foreseeable that failure to properly supervise passengers on a commercial flight would cause an assault, like The Assault of the Plaintiff.

63. The Assault was directly and proximately caused by The Defendants' unreasonable provision and / or maintenance of policies designed to prevent passengers from assaulting other passengers, reckless, and negligent acts / omissions of the Defendant and its agents, specifically including:

    a. failure to properly police and control passengers so that the Plaintiff could remain in a safe premises;

    b. failure to conduct a reasonable audits, or data review to provide an accurate evaluation of adequate protection necessary for passengers, such as Plaintiff;

    c. failure to coordinate safety measures with the police or other law enforcement to provide a safe environment for Plaintiff and other passengers lawfully on the premises;

    d. failure to provide appropriate and sufficient supervisory / security personnel to ensure the safety of the Plaintiff and other passengers

Case ID: 260202944

despite dangerous propensities and acts by members of the public onboard commercial flights;

e.  failure to protect Plaintiff and other passengers from foreseeable injuries and damages caused by allowing aggressive and disruptive passengers to remain on its premises despite being on actual notice of those disruptive passengers;

f.  failure to respond in a reasonable manner to the presence of aggressive and disruptive passengers on the premises;

g.  failure to properly interview, screen, hire, investigate, train and / or supervise its agents, servants, workmen and/or employees;

h.  failure to safely and properly remove aggressive and disruptive passengers from their premises;

i.  failure to keep a proper lookout for the safety of Plaintiff and others while aggressive and disruptive passengers remained on the premises;

j.  failure to warn the Plaintiff and other passengers about the dangerous condition;

k.  failure to create and /or enforce reasonable policies designed to monitor and protect minor passengers present on their flights;

l.  lack of use of sufficient trained, qualified security personnel, which was necessary to prevent physical assault against the Plaintiff;

m. failure to properly train, supervise, and otherwise ensure its staff is able to detect sexual assault and other unwanted touching among passengers seated next to each other;

n. failure to properly train, supervise, and otherwise ensure its staff is able to respond reasonably to sexual assault and unwanted touching among passengers seated next to each other;

o. failure to properly train, supervise, and otherwise ensure its staff is able to reasonably care for victims of sexual assault and unwanted touching by other passengers;

p. violating the duties imposed by the Restatement of Law, Torts 2d §§ 302B, 314, 315, 319, 320, and 323 as adopted in Pennsylvania.

64. The acts and omissions of Defendant Airline, described above, were a direct cause of The Assault, and it was reasonably foreseeable that the acts and omissions would lead to The Assault.

65. As a direct and proximate result of the Defendants' unreasonable conduct, Plaintiff suffered serious injuries including: psychological damage, emotional harm; medical diagnosis that have yet to be assessed; pain and anxiety; a loss of earnings and earning capacity; loss of enjoyment of life's pleasures; inability to perform usual duties and avocations, all to her enormous loss and detriment.

66. The Defendant Airline was negligent in permitting Defendant Madden to board the aircraft while visibly intoxicated.

Case ID: 260202944

67. Defendant Airline's conduct went beyond ordinary negligence, amounting to reckless and malicious conduct, sufficient to warrant award of punitive damages, including the following ways:

a. Seating the visibly intoxicated Defendant Madden next to the Plaintiff when she was an unaccompanied minor;

b. Ignoring Defendant Madden's disruptive and assaultive behavior, including unwanted touching of a flight attendant prior to The Assault;

c. Permitting Defendant Madden to remain seated next to an unaccompanied minor while he engaged in increasingly disruptive behavior;

d. Allowing Defendant Madden to openly grope and sexually assault the minor Plaintiff in full view of other passengers;

e. Failure to promptly stop The Assault;

f. Mistreating the minor Plaintiff after The Assault, including agents of Defendant Airline mocking the situation in the Plaintiff's presence.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Airline for compensatory and punitive damages in an amount exceeding Fifty Thousand ($50,000.00) Dollars, exclusive of prejudgment interest, post-judgment interest, and costs.

## COUNT II – DRAM SHOP VIOLATION
### *Plaintiff v. Defendant Airline*

68. Plaintiff hereby incorporates by reference the paragraphs set forth above as if fully set forth herein at length.

69. At all times material hereto, Defendant Airline acted individually and / or by and through actual or apparent agents, servants and employees advertised, sold, and furnished alcoholic beverages to passengers.

70. At all times material hereto, Defendant Airline qualified as a licensee under Pennsylvania's *Dram Shop* law, 47 P.S. § 4-493.

71. Pennsylvania law prohibits Defendant Airline from furnishing alcohol to any visibly intoxicated person, and makes Defendant Airline liable for damage caused by an intoxicated person that was already visibly intoxicated at the time it served them.

72. Defendant Airline sold alcohol to Defendant Madden on its flight prior to The Assault.

73. Defendant Madden was visibly intoxicated when agents of Defendant Airline sold alcohol to him.

74. Defendant Airline sold Defendant Madden at least five (5) hard liquor drinks while he was visibly intoxicated.

75. Plaintiff was a present on the premises controlled by Defendant Airline as a business invitee, and Defendant Airline owed her a duty of care.

76. Defendant Airlines violated 47 P.S. § 4-493 and is negligent *per se*, *Klar v. Dairy Farmers of America, Inc.*, 268 A.3d 115, 1123 (Pa. Super. 2021).

77. Defendant Madden was visibly intoxicated when he boarded the flight, and before Defendant Airline sold him the first serving of alcohol.

78. Defendant Airline continued to serve alcohol to Defendant Madden even as he exhibited further signs of visible intoxication, including unwanted touching of a flight attendant

79. Defendant Madden purchased alcohol, while visibly intoxicated, from two separate flight attendants at two separate times on the flight prior to The Assault.

80. Defendant Airline knew or should have known that the altitude of air travel heightens the effects of alcohol on individuals.

81. Defendant Airline served Defendant Madden an excessive amount of alcohol for any person to consume in a two-hour flight.

82. It was reasonably foreseeable that serving an excessive amount of alcohol to a visibly intoxicated person would cause an assault.

83. As a direct and proximate result of the Defendant Airline violating 47 P.S. § 4-493, the Plaintiff suffered serious injuries including: psychological damage, emotional harm; medical diagnosis that have yet to be assessed; pain and anxiety; a loss of earnings and earning capacity; loss of enjoyment of life's pleasures; inability to perform usual duties and avocations, all to her enormous loss and detriment.

84. Defendant Airline's violation of  47 P.S. § 4-493 amounted to reckless and malicious conduct, sufficient to warrant award of punitive damages, including through the following ways:

   a. Selling alcohol to Defendant Madden even after he engaged in assaultive behavior toward a flight attendant;

   b. Violating 47 P.S. § 4-493 at a time when the visibly intoxicated person was seated next to a minor;

   c. Having more than one flight attendant commit separate violations of 47 P.S. § 4-493.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Airline for compensatory and punitive damages in an amount exceeding Fifty Thousand ($50,000.00) Dollars, exclusive of prejudgment interest, post-judgment interest, and costs.

<u>COUNT III – ASSAULT & BATTERY</u>
*Plaintiff v. Defendant Madden*

85. Plaintiff hereby incorporates by reference the paragraphs set forth above as if fully set forth herein at length.

86. Defendant Madden owed the Plaintiff a duty of standard care, including to refrain from criminal conduct, assault/battery, and unwanted touching.

87. The Plaintiff was a minor during The Assault.

88. Defendant Madden physically touched the Plaintiff's legs, arms, and hands despite clear indication that she was not consenting to any physical contact.

Case ID: 260202944

89. Defendant Madden pressed his nose and mouth into the Plaintiff's face and neck area, trying to kiss her.

90. All of Defendant Madden's physical contact with Plaintiff was unmistakably related to sexual intent.

91. The Plaintiff made multiple verbal and non-verbal expressions that she was not consenting to any sexual or intimate contact with Defendant Madden.

92. Defendant Madden's conduct toward the Plaintiff occurred when she was confined to a small seat, and trapped by a window/wall.

93. During The Assault, the Plaintiff reasonably feared further damage, serious bodily injury, and/or sexual assault from Defendant Madden.

94. Defendant Madden committed battery against the Plaintiff, *Restatement of Law, Tors § 13*.

95. Based on Plaintiff's reactions, Defendant Madden knew or should have known his contact was offensive.

96. Defendant Madden's physical contact with the Plaintiff caused bodily harm, including psychological damage.

97. It was reasonably foreseeable that unwanted, sexual contact would cause serious injury to the Plaintiff.

98. As a result of Defendant Madden's assault and battery of the Plaintiff, the Plaintiff suffered: psychological damage, emotional distress, reduced earning capacity, pain and suffering, diminution of the enjoyment of life.

99. Defendant Madden's  assault and battery of the Plaintiff amounted to outrageous and malicious conduct, sufficient to warrant award of punitive damages, including through the following ways:

  d.  Forcing unwanted physical contact that was obviously sexual in nature;

  e.  Committing assault and battery against a minor;

  f.  Persisting in the sexual assault and battery of minor, despite her protestations, until other individuals intervened.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Madden for compensatory and punitive damages in an amount exceeding Fifty Thousand ($50,000.00) Dollars, exclusive of prejudgment interest, post-judgment interest, and costs.

Respectfully submitted.
**BELLWOAR KELLY, LLP**

Ryan R. Grace
*Attorney for the Plaintiff*

**VERIFICATION**

I, Destyni Taylor, verify that the statements contained in this Complaint are true and correct. I understand that false statements made herein are made subject to penalties of 18 § 4904, relating to unsworn falsifications.

_____
Destyni Taylor

 2/17/2026
Date

Case ID: 260202944

## <u>CERTIFICATE OF SERVICE</u>

       I certify that I have served a true and correct copy of the Plaintiff's Complaint upon:

Frontier Airlines, Inc.
c/o Patrick J. Comerford, Esq.
3500 Jefferson St. Suite 330
Austin, TX 78731
*Counsel for Defendant Airline*


Eric Madden
3713 Poppy Drive
Philadelphia, PA 19136
*Defendant Madden*

Date: 2/20/26

                                                     Ryan R. Grace
                                               *Attorney for the Plaintiff*

Case ID: 260202944

# CERTIFICATE REGARDING CONFIDENTIAL INFORMATION AND CONFIDENTIAL DOCUMENTS

I certify that this filing complies with the provisions of the *Case Records Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Ryan R. Grace
*Attorney for Plaintiff*

# EXHIBIT 2

ME1\60585800.v3

# Affidavit / Return of Service

| **Plaintiff:** | DESTYNI TAYLOR | **Court Term & No.:** 260202944 |
|---|---|---|
| | | E-File# 2603017049 |
| **Defendant:** | ERIC MADDEN | **Document Served:** Plaintiff's Complaint |
| **Serve at:** | 3713 POPPY DR. | **Company Reference/Control No.:** 12768 Ryan Grace #1711 |

Served and Made Known to _____ on _____ at _____, in the manner described below:

| **Description** | **Age:** | **Height:** | **Weight:** | **Race:** | **Sex:** |
|---|---|---|---|---|---|
| | **Other:** | | | | |

On 03/05/2026 at 06:58 PM, ERIC MADDEN not found because No Answer
On 03/04/2026 at 02:10 PM, ERIC MADDEN not found because DOOR OPEN, VAN IN DRIVEWAY, SOMEONE INSIDE WHO WOULD NOT COME TO THE DOOR
On 03/02/2026 at 05:14 PM, ERIC MADDEN not found because No Answer
On 02/26/2026 at 06:30 PM, ERIC MADDEN not found because No Answer
On 02/25/2026 at 01:55 PM, ERIC MADDEN not found because NO ANSWER. APPEARED TO BE SOMEONE HOME. VAN IN DRIVEWAY

| **Company Profile:** | **Name of Server:** DAVID ZIMMERMAN |
|---|---|
| METRO FILING SERVICES INC 334 WEST FRONT STREET MEDIA PA 19063 PHONE: (215)981-3453 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | **Deputy Sheriff:** |

**FILED AND ATTESTED PRO-PROTHY 06 MAR 2026 02:33 PM**

\\zdrafsrv 12/8/11